**Harvey A. VOSS, Appellant,**

v.

**Jack Q. MAY, Appellee.**

**No. 2–82–075–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 3, 1983.

Rehearing Denied March 3, 1983.

The Montgomery Law Firm, and Elton M. Montgomery, Graham, for appellant.

Durant F. Clements, Inc. and Durant F. Clements, Bridgeport, for appellee.

Before JORDAN, ASHWORTH and HUGHES, JJ.

## OPINION

JORDAN, Justice.

Under contract of sale dated August 13, 1981, Voss Motors, Inc., sold the assets of an automobile dealership known as Voss Motors, Inc., to appellee Jack Q. May. Harvey A. Voss, who negotiated the sale as president of Voss Motors, Inc., was not a party to the contract individually. A dispute arose regarding certain alleged unpaid business debts of Voss Motors, Inc., which under the contract were to be paid by Voss Motors, Inc.

Suit was brought in the District Court, Jack County, by appellee May, exclusively under the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm.Code, sec. 17.41, et seq.

Appellant filed his Plea of Privilege to be sued in Tarrant County, the county of his residence, and after hearing thereon, the trial court overruled it and retained venue in Jack County.

The appeal is based primarily on appellant's contention that the Deceptive Trade Practices Act in no way applies to him individually in this case, since he was not a party to the Contract of Sale of August 13, 1981, and because appellee is not a consumer under the act. We agree and reverse and remand the cause with instructions to the trial court to transfer said cause to the District Court of Tarrant County, Texas.

Appellee purports to maintain venue in Jack County under sec. 17.56, Tex.Bus. & Comm.Code, and sec. 5(a), art. 1995, Tex. Rev.Civ.Stat.Ann.

Under the Contract of Sale of the automobile dealership from Voss Motors, Inc. to appellee, which contract is referred to in the briefs as the Buy-Sell Agreement, Voss Motors, Inc. agreed to sell for a certain price his entire inventory of vehicles, parts, equipment, merchandise and furniture. Voss Motors, Inc. is not made a party defendant to this suit, even though the contract was between Voss Motors, Inc. and May. The suit alleges wrongdoing and a violation of the Deceptive Trade Practices Act, sec. 17.50, by Voss, but it does not claim that Voss made wrongful representations and engaged in improper conduct as an agent, servant or employee of the seller, Voss Motors, Inc.

In paragraph 5 of the contract, the buyer May agreed to waive the requirements of the Texas Bulk Sales Law, and the seller, Voss Motors, Inc., agreed to indemnify and hold buyer or his assigns harmless from any loss, including reasonable attorneys fees, incurred by buyer by reason of the seller failing to pay its creditors. The agreement had provided that the sale would be made free of debts of the seller. Later, on November 17, 1981, the date of the clos-

ing of the sale, appellant filed an affidavit reading as follows:

I, HARVEY A. VOSS, have entered into a Buy-Sell Agreement with JACK Q. MAY, dated August 13, 1981. NOW, THEREFORE, for and in consideration of the completion of the sale between said parties, I, HARVEY A. VOSS, do hereby agree to indemnify and hold JACK Q. MAY, his heirs, successors and assigns, harmless from any cost, damages or expenses, including reasonable attorney fees, incurred by JACK Q. MAY, his heirs, successors and assigns, by reason of me failing to pay creditors, and I agree to pay any and all just debts owed by me in connection with the business and property which I am selling JACK Q. MAY.

Harvey A. Voss

This affidavit effectively made Voss, individually, a co-guarantor or co-indemnitor with Voss Motors, Inc. Neither agreement of indemnification, that contained in paragraph 5 of the Contract of Sale or in the affidavit of Voss, individually, promised indemnification in Jack County, Texas. Neither said anything about where payment of the debts would be made.

■ Appellee's petition is unclear as to what specific sections of the Deceptive Trade Practices Act appellant violated. The petition alleges that Voss, individually, made certain misrepresentations to appellee with respect to debts of the business and with respect to the total value of the parts and accessories inventory. Since the contract was with Voss Motors, Inc., we fail to see how appellant, individually, was guilty of any misrepresentations or violations of the Deceptive Trade Practices Act. It appears that appellee's reliance and dependence on that Act was misplaced and that any action against appellant should have been a common law action for breach of his indemnification agreement, if such was the case.

Any breach of the indemnification agreement, either in paragraph 5 of the contract or in Voss's affidavit, would not constitute misconduct under the Deceptive Trade Practices Act, and indeed, appellee does not actually allege that.

Moreover, there is a complete lack of proof of any violation of the indemnification agreement by Voss, individually, in Jack County. May did testify at the Plea of Privilege hearing that he had had some claims made by creditors of Voss Motors, Inc. since the sale, but there was no proof that he had actually paid any such claims or had suffered any loss in Jack County or elsewhere.

■ At the Plea of Privilege hearing, appellee, over repeated objections of appellant, testified, in violation of the parol evidence rule, that Voss made additional agreements and representations with respect to the parts and accessories inventory and that such representations were not true. He testified that Voss told him orally that at the time of the sale, there was $60,000 worth of parts inventory, when in fact, according to May, there was only $28,000 worth of parts inventory. We believe this testimony should have been excluded and should not have been considered by the trial court. The written Contract of Sale said nothing about the value of the inventory, and it is our opinion that May's testimony with respect thereto was a clear violation of the parol evidence rule. It altered and added to the written agreement of the parties.

■ There is still another reason why the Deceptive Trade Practices Act does not apply to appellant in this case. We do not believe that appellee, plaintiff in the trial court, comes within the definition of a "consumer" under sec. 17.50(a) of the Deceptive Trade Practices Act. In the case sub judice, appellee purchased most, if not all, of the goods from appellant for purposes of resale. Sec. 17.45(4) defines a consumer as "an individual, partnership, corporation or governmental entity who seeks or acquires by purchase or lease, any goods or services." Sec. 17.45(1) defines "goods" as "tangible chattels or real property purchased or leased for use."

It has been held that a purchase for resale was not a purchase for use and hence,

the purchaser did not have consumer status under the act. *See Person v. Latham,* 582 S.W.2d 246 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.); *South Texas Irrigation Systems, Inc. v. Lockwood Corp.,* 489 F.Supp. 256 (W.D.Tex.1980); *Ratcliff v. Trenholm,* 596 S.W.2d 645 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). In *South Texas Irrigation Systems, Inc. v. Lockwood Corp., supra,* it was held that the plaintiff, a seller of irrigation systems, was not a consumer within the meaning of the Deceptive Trade Practices Act. In this case, the court cited *Rod East Volkswagen v. Auranthetic Corporation,* No. SA–74–CA–6 (W.D.Tex. April 16, 1976), a case in which the appellant, a distributor, brought suit against the manufacturer it represented for alleged violations of the DTPA. It was held in that case that since the plaintiff bought the goods in question for resale, it was not a "consumer" within the meaning of the act, because the phrase "for use" indicates an intention to exclude from the protection of the act someone who purchases goods for resale. It was concluded that notwithstanding the "liberal construction" to be given the Act, the phrase "for use" in the definition of "goods" was intended to give "consumer" the ordinary meaning which the Texas courts had already ascribed to it, and it was noted that the Texas courts have held that one who buys goods for resale is not a consumer, in the ordinary meaning of the term.

We accordingly hold that the venue section of the Deceptive Trade Practices Act, sec. 17.56, does not apply to the case at hand.

Appellee also contends that venue is maintainable in Jack County under subdivision 5 of art. 1995, which provides:

"If a person has contracted in writing to perform an *obligation* in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason *of such obligation* may be brought against him, either in such county or where the defendant has his domicile."

Appellees claim under this exception to the venue statute is apparently based on the November 17, 1981 affidavit in which Voss, individually, agreed to indemnify May against loss in the event Voss failed to pay his debts. Appellee contends that by signing this affidavit, Voss ratified and made himself a party to the contract of sale between Voss Motors, Inc. and May. We disagree and do not believe that this affidavit had such effect at all. The opening sentence in the November 17, 1981, indemnification agreement does not change the fact that the Buy-Sell Agreement was between appellee May and Voss Motors, Inc., and not Voss, individually. It simply was a personal guarantee or indemnity agreement to secure May against loss if there were any outstanding debts owed by Voss Motors, Inc. Appellee also contends that paragraph 10 of the Buy-Sell Agreement provides that the closing of the sale is to take place in Jacksboro, Texas, and that by so stating, the contract expressly provided for performance of the obligation sued upon in Jack County, Texas. The error in this argument, in our opinion, is that Voss's only obligation, personally, was to indemnify May against loss in the event there were unpaid debts by Voss Motors, Inc., and the contract did not provide anything about the site of such payment. We do not believe that this affidavit, or paragraph 10 of the original Buy-Sell agreement, obligates Voss to pay in Jack County and thus maintain venue in that county. Paragraph 10 of the Buy-Sell Agreement required Voss Motors, Inc., not Voss individually, to close the sale in Jack County. In order for subdivision 5 to be applicable, the "obligation" as to closing, designated in writing to be performable in Jack County, Texas, must be the "obligation" that is actually sued upon. The appellee has not, and could not, state a cause of action growing out of paragraph 10 providing for the closing of the Buy-Sell agreement.

We do not think that subdivision 5 of article 1995, Tex.Rev.Civ.Stat., applies to this case.

The judgment of the trial court is therefore reversed and remanded with instruc-

tions to transfer this cause to the District Court of Tarrant County, Texas.